IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| ADRIANA MUJA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:24-cv-221 |
| | ) | |
| SORRENTO, LLC d/b/a SORRENTO'S | ) | |
| ITALIAN RESTAURANT & PIZZERIA, | ) | |
| and ANTONIO MARI (Individually), | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Sorrento, LLC d/b/a Sorrento's Italian Restaurant & Pizzeria ("Sorrento") and Antonio Mari ("Mari" or "Defendant Mari"), by and through their undersigned counsel, provide this Court with the following Reply Brief in Support of their Motion to Dismiss.

### I. INTRODUCTION

For the reasons addressed in Defendants' Motion to Dismiss, Plaintiff's Complaint fails to state causes of action against Defendant Mari for sexual harassment and wrongful discharge in violation of public policy. Plaintiff's Response in Opposition to Defendants' Motion to Dismiss ("Plaintiff's Opposition") fails to provide any legal or persuasive authority that would warrant denial of Defendants' Motion to Dismiss on these claims. Moreover, Plaintiff's Opposition concedes multiple arguments from Defendants' Motion to Dismiss by failing to respond entirely. Accordingly, Plaintiff's third, fourth, fifth, and ninth cause of action should be dismissed as to both Defendants.

## II. DISCUSSION

### A. Plaintiff's Opposition Fails to Establish a Cause of Action for Title VII Sexual Harassment Against Defendant Mari

Courts in the Fourth Circuit have held that "decisions to pierce a corporate veil, exposing those behind the corporation to liability, must be taken "reluctantly and cautiously" and "necessitates a careful review of the circumstances of each case". *Alexander v. Diversified Ace Servs. II, AJV*, No. 1:11CV725, 2014 U.S. Dist. LEXIS 15508, at *21 (M.D.N.C. Feb. 7, 2014) citing *In re Cnty. Green Ltd. P'ship*, 604 F.2d 289, 292 (4th Cir. 1979); *DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.*, 540 F.2d 681, 684 (4th Cir. 1976)); see also *Mayes v. Moore*, 419 F. Supp. 2d 775, 781 (M.D.N.C. 2006). In fact, in the Fourth Circuit, the corporate veil may be "pierced" allowing individual liability for an owner to attach only where the individual "unfairly used the corporate form", either fraudulently or wrongly. See *Mayes v. Moore*, 419 F. Supp. 2d 775, 779-780 (M.D.N.C. 2006); *Widner v. Galasso & Sons, LLC*, No. C/A 2:14-4243-DCN-BM, 2015 U.S. Dist. LEXIS 143674, at *9 (D.S.C. Sep. 23, 2015). The allegations in Plaintiff's Amended Complaint fail to meet this standard.

In support of piercing the corporate veil, Plaintiff's Opposition argues that "Defendant Mari's behavior" is very similar to that of Dr. Christenbury's in *Saniri v. Christenbury Eye Center, P.A.*, and thus, this Court should hold that there are sufficient facts to deny Defendants' motion to dismiss. See D.E. 6 at p. 6. However, careful review of Plaintiff's Complaint makes clear that the factual allegations pled are not similar. Indeed, Plaintiff concedes the Complaint pleads no facts relating to any fraudulent transfer or hiding of corporate assets. Unlike *Saniri v. Christenbury Eye Center, P.A.*, there are no factual allegations that Defendant Mari was fraudulently transferring and/or hiding corporate assets in anticipation of litigation. Additionally, there are no factual

allegations that Defendant Mari has ever used the corporate form to shield himself from personal liability for unlawful acts similar to Dr. Christenbury.

Moreover, Plaintiff's Opposition also fails to provide any legal authority to support that allegations of sexual harassment and/or North Carolina OSH Act violations constitutes misuse of the corporate forum. Furthermore, contrary to Plaintiff's Opposition, the Complaint contains no pled facts that Defendant Mari does whatever he wants with respect to the corporate form. More specifically, Plaintiff merely speculates, without providing any factual allegations in her Complaint, that she believes Defendant Mari's allegedly "misappropriated" her earned wages and tax withholdings for personal use. D.E. 1 at ¶¶ 58-59. At best, Plaintiff argues that mere allegations of sexual harassment alone are enough to impose individual liability on Defendant Mari. But, if that were true, there would be no point in the general principle that Title VII does not impose personal liability on individuals only where there are allegations of abuse of the corporate form.

Instead, the allegations in Plaintiff's Complaint are at best more similar to those in *Mayes v. Moore*. In *Mayes v. Moore*, the plaintiff alleged that Moore, who owned controlling shares in the relevant organizations, dominated those organizations. 419 F. Supp. 2d 775, 782 (M.D.N.C. 2006). There, the plaintiff argued that Moore was an 'employer' within the meaning of the act and subject to liability as the "alter-ego" of the corporation. *Id*. There were no allegations that Moore fraudulently or unfairly used the corporate form, and thus, the court determined that plaintiff's argument was simply that Moore was personally liable because he committed the acts and found Title VII does not support such liability. *Id.* Likewise, the only allegation in Plaintiff's Complaint related to the corporate form is that "Defendant Mari and co-owner Antonio Ladonea, were, at all times relevant, alter-egos or proxies for Sorrento's." D.E. 1 p. 14 at ¶ 8; *Mayes,* 419 F. Supp. 2d

at 782 ("Finding dismissal appropriate where no general allegation of injustice or unfairness, or specific allegations of fraud found in the complaint and thus, the elements of the alter-ego doctrine were not satisfied); *Richmond v. Indalex Inc.,* 308 F. Supp. 2d 648, 658 (M.D.N.C. 2004) (dismissing complaint under Rule 12(b) (6) where "no allegations that [defendant] . . . abused its corporate privilege or that the court should disregard [the] corporate form to prevent an injustice to plaintiff" exist). Thus, there are no factual allegations to support holding Defendant Mari individually liable under the alter-ego theory to pierce the corporate veil. Accordingly, Plaintiff's Title VII claim against Defendant Mari should be dismissed with prejudice.

B. **Plaintiff's Opposition Fails to Identify Defendant Mari As a Respondent in Her EEOC Charge**

Plaintiff's Opposition is correct that courts have recognized a "substantial-identity exception" which allows unnamed respondents in the EEOC charge to be held liable in civil actions where they have been given adequate notice by the administrative charge. *McDaniel v. Greyhound Lines, Inc.*, No. 3:08-cv-130-FDW, 2008 U.S. Dist. LEXIS 58299, at *7-8 (W.D.N.C. July 7, 2008) citing *Mayes,* 419 F. Supp. 2d at 783. However, the mere mention of a defendant's name in a charge of discrimination is not dispositive of the substantial-identity exception. For example, in *McDaniel v. Greyhound Lines, Inc.*, the court found despite being named as "managers" in plaintiff's EEOC charge, plaintiff had not exhausted her administrative remedies with respect to the two defendants not named in plaintiff's charge. *McDaniel v. Greyhound Lines, Inc.*, No. 3:08-cv-130-FDW, 2008 U.S. Dist. LEXIS 58299, at *8-9 (W.D.N.C. July 7, 2008).

Nevertheless, even if Plaintiff can establish that Defendant Mari was sufficiently identified in Plaintiff's charge of discrimination, there is no individual liability under Title VII. See *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). Thus, Plaintiff's Title VII claim against Defendant Mari should be dismissed with prejudice.

**C.      Plaintiff's Opposition Fails to Establish That There Were Sufficient Facts to Demonstrate that Defendants' Conduct Altered the Terms, Conditions, or Privileges of Her Employment**

Plaintiff's Opposition misconstrues Defendants' argument. Defendants do not dispute that the phrase "terms, conditions, and privileges of employment" can cover the entire spectrum of disparate treatment of men and women in employment. See *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 64 (1986). Instead, Defendants simply argue that there is a lack of facts pled to support any rational inference that Plaintiff actually experienced an alteration in her work environment as a result of sexual harassment. D.E. 4-1 at p. 9. By way of explanation, Plaintiff's Complaint conclusorily alleges "Defendant Mari conditioned terms, conditions, and privileges of employment on Plaintiff Muja and other employees' acceptance of his sexual advances". D.E. 1 p. 13 at ¶ 6. However, Plaintiff specifically states that she rejected these advances. *Id.*; See also *Id.* at ¶¶ 21-24. Moreover, Plaintiff also acknowledges she continued her employment for approximately 2.5 years after the first alleged act of harassment without any impediments to performing her job duties. *Id.* at ¶ 66. There is nothing more fundamental to the "severe and pervasive" standard than the requirement that the Plaintiff show the terms and conditions of her work environment were actually altered by the alleged harassment. *Harris Forklift Sys.*, 510 U.S. 17 (1993). Simply put, to allege actionable sexual harassment, a plaintiff must show the allegedly offending conduct actually altered conditions of her work environment. *Pueschel v. Peters*, 577 F.3d 558, 565-66 (4th Cir. 2009). The lack of any facts pled to support any rational inference that Plaintiff actually experienced an alteration in her work environment requires dismiss of her Title VII sexual harassment claim.

**D.     Plaintiff Concedes That Defendant Mari is Not Liable For Wrongful Discharge in Violation of Public Policy**

Plaintiff's Complaint brings a wrongful discharge in violation of public policy claim as the second cause of action in her Complaint. See D.E. 1, pp. 14-15 at ¶¶ 9-15. The Complaint does not indicate that this particular cause of action is not brought against Defendant Mari in his individual capacity. See *Id*. Therefore, Defendants moved to dismiss this claim as to Defendant Mari because it is well settled that a common law wrongful discharge claim brought under North Carolina law can be asserted only against an employer. *Gibson v. Corning Inc.*, No. 5:14-CV-105-BO, 2015 U.S. Dist. LEXIS 48905, 2015 WL 1880188, at *4 (E.D.N.C. Apr. 13, 2015). Plaintiff's Opposition states that there is no such claim to dismiss. See D.E. 6 at p. 11. Accordingly, Plaintiff has conceded that her wrongful discharge in violation of public policy claim fails to state a claim against Defendant Mari. See *Brand v. N.C. Dep't of Crime Control and Pub. Safety*, 352 F.Supp.2d 606, 618 (M.D.N.C.2004) (finding that by failing to respond to motion for summary judgment on hostile work environment claim, plaintiff conceded that the hostile work environment claim failed to state a claim); See also *Mt. Land Props. v. Lovell*, 46 F. Supp. 3d 609, 622 (W.D.N.C. 2014). Consequently, Plaintiff's claim for wrongful discharge in violation of public policy should be dismissed as to Defendant Mari.

**E.     Plaintiff's Opposition Fails to Establish A Cause of Action Against Either Defendant Under the Retaliatory Employment Discrimination Act**

Plaintiff's Complaint brings a Retaliatory Employment Discrimination Act (REDA) claim as the third cause of action in her Complaint. See D.E. 1, p. 15 at ¶¶ 16-21. Plaintiff's Complaint brings this claim on the basis or her complaints of "NC Wage & Hour Act and the NC Occupational Safety & Health Act". See *Id*. at ¶ 17. However, there are no allegations in the Complaint that Plaintiff ever reported any behavior that violated North Carolina Wage & Hour Act to Defendant

Sorrento or anyone else. See D.E. 4-1 at p. 11. Therefore, Defendants moved to dismiss this claim based on the absence of any complaints about the North Carolina Wage & Hour Act. *Id*. Plaintiff's Opposition does not respond to this argument and thus, waives her REDA claim based on reports of North Carolina Wage & Hour Act violations. *Waterford I at Cary Park Condo. Homeowners Ass'n, Inc. v. Nationwide Prop. & Cas. Ins. Co.*, 669 F. Supp. 3d 531, 538 (E.D.N.C. 2023) (finding waiver where the plaintiff was "silen[t]" in response to defendant's arguments); *Milligan v. Fayetteville State Univ.*, No. 5:23-CV-328-FL, 2024 U.S. Dist. LEXIS 105717, at *13 (E.D.N.C. June 14, 2024).

Instead, Plaintiff's Opposition focuses on her alleged complaints of workplace safety hazards to co-owner Ladonea and video-recording of an "angry confrontation" as the basis of her REDA claim. See generally D.E. 6 at pp. 13-14. However, Plaintiff's Opposition fails to address the holding in *Delon v. McLaurin Parking Co.* or *Cromer v. Perdue Farms, Inc*., that a complaint to a manager or employer for an unsafe working conditions is not protected. *Delon v. McLaurin Parking Co.,* 367 F. Supp. 2d 893, 902, aff'd, 146 Fed. Appx. 655 (2005); *Cromer v. Perdue Farms, Inc.,* 900 F. Supp. 795, 801 n.6 (1994), aff'd, 1995 U.S. App. LEXIS 25327 (1995). In fact, Plaintiff's Opposition concedes that courts have generally held that internal complaints about potential safety concerns are not protected activity under REDA. See D.E. 6 at p. 12.

Moreover, the legal authority cited in Plaintiff's Opposition is irrelevant. For example, in *Bigelow v. Town of Chapel Hill*, the court found plaintiff had sufficiently pled a claim for wrongful discharge, not a REDA violation. *Bigelow v. Town of Chapel Hill*, 227 N.C. App. 1, 14, 745 S.E.2d 316, 326 (2013). Furthermore, in *Bigelow* the photographs of unsafe driving conditions were used to lodge a complaint. *Id*. at 324. Conversely, in Plaintiff's Complaint she alleges that she "began video-recording" Defendant Mari having an "angry confrontation with a female

7

waitress". D.E. 1 at ¶ 61. However, Plaintiff's Complaint does not allege that she used or attempted to use this recording in any kind of complaint. Thus, contrary to Plaintiff's Opposition, this is not essentially the same activity as the plaintiff in Bigelow. Simply, Plaintiff has provided no legal authority to support that simply video-recording an interaction between Defendant and a female employee is enough on its own to establish a protected activity.

Finally, Plaintiff's Opposition uselessly argues that the close temporal proximity between her video-recording on December 17, 2023 and her termination on December 18, 2023, makes evident that Plaintiff was unlawfully retaliated against based on her NC OSHA investigation in violation of REDA. See D.E. 6 at p. 14. However, as discussed at length above, the recording is not a protected activity under REDA. Thus, Plaintiff fails to address the causal connection arguments raised in Defendants' Motion to Dismiss. Consequently, Plaintiff's claim for violation of the retaliatory employment discrimination act should be dismissed as to both Defendants.

F. **Plaintiff Concedes That Neither Defendant Mari or Defendant Sorrento is Liable For Civil Assault and Battery**

Plaintiff's Complaint brings a civil assault and civil battery claim as the fourth and fifth causes of action in her Complaint. See D.E. 1, p. 16 at ¶¶ 22-30. The Complaint does not indicate that this particular cause of action is not brought against Defendant Sorrento. See *Id*. Therefore, Defendants moved to dismiss this claim as to Defendant Sorrento because the Complaint fails to allege that Defendant Mari's acts were within the scope of his employment or ratified by his employer. See D.E. 4-1 at p. 14. Plaintiff's Opposition does not respond to this argument and thus, waives her claim of civil assault and battery against Defendant Sorrento. *Waterford I at Cary Park Condo Homeowners Ass'n, Inc. v. Nationwide Prop. & Cas. Ins. Co.*, 669 F. Supp. 3d 531, 538 (E.D.N.C. 2023) (finding waiver where the plaintiff was "silen[t]" in response to

defendant's arguments); *Milligan v. Fayetteville State Univ.*, No. 5:23-CV-328-FL, 2024 U.S. Dist. LEXIS 105717, at *13 (E.D.N.C. June 14, 2024).

Furthermore, Plaintiff's Opposition states that Plaintiff Muja "did not assert a civil assault or battery claim against Defendant Mari in his individual capacity". See D.E. 6 at p. 15. Thus, Plaintiff concedes that there is no claim for civil assault or civil battery against **Defendant Mari**. Consequently, with no claim for civil assault or battery against Defendant Mari, there can be no claim for such causes of action against Defendant Sorrento. See e.g. *Salley v. Petrolane, Inc.*, 764 F. Supp. 61, 63 (W.D.N.C. 1991) (finding a corporation may be held vicariously liable for [ ] an intentional tort of its [employee] if the [employee] acted within the scope of his or her employment and in furtherance of the employer's business); *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E.2d 116, 121 (N.C. Ct. App. 19860; *Young v. Fed. Deposit Ins. Corp.*, 103 F.3d 1180, 1190 (4th Cir. 1997); *Keeley v. Synagro Techs., Inc.*, No. 3:21-CV-321-RJC-DCK, 2022 U.S. Dist. LEXIS 219541, at *11 (W.D.N.C. Nov. 16, 2022) (finding employer can also be liable for the intentional tort of its employee where the employee's "act is expressly authorized by the" employer or where the employee's "act is ratified by the" employer.). Accordingly, this Court should dismiss the fourth and fifth causes of action against both Defendants.

G. **Plaintiff Fails to State a Claim for Negligence Against All Defendants**

Plaintiff's Opposition mischaracterizes her own Complaint by focusing her opposition on Defendant Mari's alleged conduct. See D.E. 6 at p. 16. This is simply not what was alleged in the ninth cause of action in Plaintiff's Complaint. See generally D.E. 1, p. 19 at ¶¶ 47-51. Instead, Plaintiff's negligence claim alleges that Defendants breached their duty to respond appropriately to remove known safety hazards in the workplace and to promptly and equitably respond to complaints and reports of sex discrimination (including sexual harassment). *Id.* at ¶ 49.

9

In a nearly identical claim, the North Carolina Court of Appeals in *Shaw v. Goodyear Tire & Rubber Co.*, 737 S.E.2d 168 (N.C. Ct. App. 2013), concluded that a negligence based claim for an employer's mishandling of a sexual harassment complaint fell within the act's reach. 737 S.E.2d at 177-78. Similarly, in *Baldwin v. Tradesmen Int'l, Inc.*, No. 5:12-cv-00116-FL, 2013 U.S. Dist. LEXIS 39778, (E.D.N.C. Mar. 22, 2013), the court concluded that plaintiff's negligence claim based on the defendant's failure to exercise reasonable care in addressing harassment falls within the scope of the North Carolina Workers' Compensation Act and is not excluded by *Woodson*. 2013 U.S. Dist. LEXIS 39778, at *10 (E.D.N.C. Mar. 22, 2013). Accordingly, this court should likewise find that Plaintiff's negligence claim falls within the exclusivity of the Workers' Compensation Act and dismiss this claim against all Defendants.

### III. CONCLUSION

For these reasons, and the reasons discussed in Defendant's Motion to Dismiss (D.E. 4), the Court should dismiss with prejudice the first and second causes of action to the extent they are alleged against Defendant Mari and the third, fourth, fifth, and ninth causes of actions as to both Defendants.

This the 2nd day of January, 2025.

s/ Kevin V. Parsons, NC State Bar No. 19226
Margaret Taviano, NC State Bar No. 61506
Lewis Brisbois Bisgaard & Smith LLP
521 East Morehead Street, Suite 250
Charlotte, North Carolina 28277
Phone: 704-557-9929
Fax: 704-557-9932
Kevin.Parsons@lewisbrisbois.com
Margaret.Taviano@lewisbrisbois.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing "Defendants' Reply Brief in Support of Their Motion to Dismiss" was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification to the following:

>Ian M. McRary
>McRary Law, PLLC
>231 Government Avenue SW, #1094
>Hickory, North Carolina 28603
>ian@mcrarylaw.com
>
>Jacob J. Modla
>Cromer Babb & Porter
>115 Elk Avenue
>Rock Hill, SC 29730
>jake@cromerbabb.com

This the 2nd day of January, 2025.

s/ Kevin V. Parsons