**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | | |
|---|---|---|
| **ADRIANA MUJA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:24-cv-221** |
| | ) | |
| **SORRENTO, LLC d/b/a SORRENTO'S** | ) | |
| **ITALIAN RESTAURANT & PIZZERIA,** | ) | |
| **and ANTONIO MARI (Individually),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT SORRENTO, LLC'S ANSWER TO COMPLAINT

Defendant Sorrento, LLC d/b/a Sorrento's Italian Restaurant & Pizzeria ("Sorrento's") (hereafter "Defendant") responds, defends and pleads in response to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Defendant denies each and every allegation contained in the Complaint except as hereinafter may be expressly admitted or otherwise responded to by this Answer.

### I.     PARTIES

1.     It is admitted that Plaintiff Muja was employed by Defendant Sorrento from about June 20, 2021 until her termination in December of 2023. Defendant lacks sufficient knowledge or information to confirm or deny the remaining allegations contained in this Paragraph and accordingly denies the allegations contained in Paragraph No. 1 of Plaintiff's Complaint.

2.     Admitted.

3.      It is admitted that Antonio Mari is an adult citizen and resident of Iredell County, North Carolina, and a co-owner of Sorrento's. The remaining allegations contained in Paragraph No. 3 are denied.

4.      Admitted.

## II.      JURISDICTION AND VENUE

5.      The allegations contained in Paragraph No. 5 of the Complaint constitute a jurisdictional statement to which no response is required. To the extent a response is required, while it is denied that Defendant violated any laws, Defendant admits that Plaintiff invoked the jurisdiction of the Western District of North Carolina pursuant to 28 USC § 1131 and 28 USC § 1333(a)(3).

6.      The allegations contained in Paragraph No. 6 of the Complaint constitute a jurisdictional statement to which no response is required. To the extent a response is required, while it is denied that Defendant violated any laws, Defendant admits that Plaintiff invoked the jurisdiction of the Western District of North Carolina pursuant to 28 USC § 1367.

7.      The allegations contained in Paragraph No. 7 of the Complaint constitute a statement of venue to which no response is required. To the extent a response is required, while it is denied that Defendant violated any laws, Defendant admits that it maintains a place of business in Iredell County, North Carolina, where Plaintiff was employed, and Plaintiff has invoked venue of the Western District of North Carolina pursuant to 28 USC . § 1391.

8.      This Paragraph contains a statement of Federal Rules of Civil Procedure constituting a legal conclusion to which no response is required. To the extent any response is required, Defendant denies that it has engaged in any acts or omissions that caused damages to Plaintiff and therefore Defendant denies the allegations contained in Paragraph No. 8.

9.	The allegations contained in Paragraph No. 9 of the Complaint constitute a jurisdictional statement to which no response is required.  To the extent a response is required, Defendant denies that they violated 42 U.S.C. §§ 200e – 2000 e17.

### III.	FACTS

10.	Defendant admits that Plaintiff Muja was hired in June of 2021.  The remaining allegations set forth in Paragraph No. 10 are denied.

11.	Defendant denies the allegations set forth in Paragraph No. 11 of Plaintiff's Complaint.

12.	Defendant denies the allegations set forth in Paragraph No. 12 of Plaintiff's Complaint.

13.	Defendant denies the allegations set forth in Paragraph No. 13 of Plaintiff's Complaint.

14.	Defendant denies the allegations set forth in Paragraph No. 14 of Plaintiff's Complaint.

15.	Defendant denies the allegations set forth in Paragraph No. 15 of Plaintiff's Complaint.

16.	Defendant denies the allegations set forth in Paragraph No. 16 of Plaintiff's Complaint.

17.	Defendant admits that Antonio Mari was married in December of 2023.  Defendant denies Mari was married at any other relevant time.  Defendant Mari admits that he knew that Plaintiff Muja was married.

18.	Defendant denies the allegations set forth in Paragraph No. 18 of Plaintiff's Complaint.

19.     Defendant denies the allegations set forth in Paragraph No. 19 of Plaintiff's Complaint.

20.     Defendant denies the allegations set forth in Paragraph No. 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations set forth in Paragraph No. 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations set forth in Paragraph No. 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations set forth in Paragraph No. 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations set forth in Paragraph No. 24 of Plaintiff's Complaint.

25.     Defendant denies the allegations set forth in Paragraph No. 25 of Plaintiff's Complaint.

26.     Defendant lacks sufficient knowledge or information to confirm the allegations set forth in Paragraph No. 26 of Plaintiff's Complaint and therefore denies the allegations.

27.     Defendant denies the allegations set forth in Paragraph No. 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations set forth in Paragraph No. 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations set forth in Paragraph No. 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations set forth in Paragraph No. 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations set forth in Paragraph No. 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations set forth in Paragraph No. 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations set forth in Paragraph No. 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations set forth in Paragraph No. 34 of Plaintiff's Complaint.

35.     Defendant denies the allegations set forth in Paragraph No. 35 of Plaintiff's Complaint.

36.     Defendant denies the allegations set forth in Paragraph No. 36 of Plaintiff's Complaint.

37.     Defendant lacks sufficient knowledge or information to confirm the allegations set forth in Paragraph No. 37 of Plaintiff's Complaint and therefore denies the allegations.

38.     Defendant denies the allegations set forth in Paragraph No. 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations set forth in Paragraph No. 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations set forth in Paragraph No. 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations set forth in Paragraph No. 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations set forth in Paragraph No. 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations set forth in Paragraph No. 43 that Defendant Mari is part of organized crime and is dangerous.  Defendant lacks sufficient knowledge or information to confirm the remaining allegations set forth in Paragraph No. 43 of Plaintiff's Complaint and therefore denies the allegations.

44.     Defendant denies the allegations set forth in Paragraph No. 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations set forth in Paragraph No. 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations set forth in Paragraph No. 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations set forth in Paragraph No. 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations set forth in Paragraph No. 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations set forth in Paragraph No. 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations set forth in Paragraph No. 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations set forth in Paragraph No. 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations set forth in Paragraph No. 52 of Plaintiff's Complaint.

53.     Defendant denies the allegations set forth in Paragraph No. 53 of Plaintiff's Complaint.

54.     Defendant denies the allegations set forth in Paragraph No. 54 of Plaintiff's Complaint.

55.     Defendant denies that Defendant Mari threatened Plaintiff Muja with a sharp knife held to her face. Defendant lacks sufficient knowledge or information to confirm the remaining allegations set forth in Paragraph No. 55 of Plaintiff's Complaint and therefore denies the allegations.

56.     Defendant denies the allegations set forth in Paragraph No. 56 of Plaintiff's Complaint.

57.     Defendant denies the allegations set forth in Paragraph No. 57 of Plaintiff's Complaint.

58.     Defendant denies the allegations set forth in Paragraph No. 58 of Plaintiff's Complaint.

59.     Defendant denies the allegations set forth in Paragraph No. 59 of Plaintiff's Complaint.

60.     Defendant denies the allegations set forth in Paragraph No. 60 of Plaintiff's Complaint.

61.     Defendant denies the allegations set forth in Paragraph No. 61 of Plaintiff's Complaint.

62.     Defendant denies the allegations set forth in Paragraph No. 62 of Plaintiff's Complaint.

63.     Defendant denies the allegations set forth in Paragraph No. 63 of Plaintiff's Complaint.

64.     Defendant denies the allegations set forth in Paragraph No. 64 of Plaintiff's Complaint.

65.     Defendant denies the allegations set forth in Paragraph No. 65 of Plaintiff's Complaint.

66.     Admitted.

67.     Defendant denies the allegations set forth in Paragraph No. 67 of Plaintiff's Complaint.

68.     Defendant lacks sufficient knowledge or information to confirm the allegations set forth in Paragraph No. 68 of Plaintiff's Complaint and therefore denies the allegations.

69.     Defendant lacks sufficient knowledge or information to confirm the allegations set forth in Paragraph No. 69 of Plaintiff's Complaint and therefore denies the allegations.

70.     Defendant denies the allegations set forth in Paragraph No. 70 of Plaintiff's Complaint.

71.     Defendant denies the allegations set forth in Paragraph No. 71 of Plaintiff's Complaint.

72.     Defendant lacks sufficient knowledge or information to confirm the allegations set forth in Paragraph No. 72 of Plaintiff's Complaint and therefore denies the allegations.

73. The allegations contained in this Paragraph constitute a legal conclusion to which no response is required. To the extent any response is required, however, Defendant admits that Plaintiff's filings were timely.

74. The allegations contained in this Paragraph constitute a legal conclusion to which no response is required. To the extent any response is required, however, Defendant admits that Plaintiff's filings were timely.

## IV.   <u>FIRST CAUSE OF ACTION</u>

## <u>SEXUAL HARASSMENT</u>

1. The allegations of the previous paragraphs are realleged and incorporated herein by reference.

2. Defendant denies the allegations set forth in Paragraph No. 2 of Plaintiff's Complaint.

3. Defendant denies the allegations set forth in Paragraph No. 3 of Plaintiff's Complaint.

4. Defendant denies the allegations set forth in Paragraph No. 4 of Plaintiff's Complaint.

5. The allegations contained in Paragraph No. 5 of the Complaint constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 5 of the Complaint.

6. Defendant denies the allegations set forth in Paragraph No. 6 of Plaintiff's Complaint.

7.    The allegations contained in Paragraph No. 7 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 7 of the Complaint.

8.    The allegations contained in Paragraph No. 8 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 8 of the Complaint.

## V.    SECOND CAUSE OF ACTION

## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY (WDPP)

9.    The allegations of the previous paragraphs are realleged and incorporated herein by reference.

10.    Admitted.

11.    Defendant denies the allegations set forth in Paragraph No. 11 of Plaintiff's Complaint.

12.    The allegations contained in Paragraph No. 12 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 12 of the Complaint.

13.    The allegations contained in Paragraph No. 13 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 13 of the Complaint.

14.    The allegations contained in Paragraph No. 14 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 14 of the Complaint.

15.     The allegations contained in Paragraph No. 15 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 15 of the Complaint.

## VI.     THIRD CAUSE OF ACTION

## VIOLATION OF THE RETALIATORY EMPLOYMENT DISCRIMINATION ACT (REDA)

16.     The allegations of the previous paragraphs are realleged and incorporated herein by reference.

17.     The allegations contained in Paragraph No. 17 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 17 of the Complaint.

18.     The allegations contained in Paragraph No. 18 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 18 of the Complaint.

19.     The allegations contained in Paragraph No. 19 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 19 of the Complaint.

20.     The allegations contained in Paragraph No. 20 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 20 of the Complaint.

21.     The allegations contained in Paragraph No. 21 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 21 of the Complaint.

## VII.  FOURTH CAUSE OF ACTION

### CIVIL ASSAULT

22.     The allegations of the previous paragraphs are realleged and incorporated herein by reference.

23.     Defendant denies the allegations set forth in Paragraph No. 23 of Plaintiff's Complaint.

24.     The allegations contained in Paragraph No. 24 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 24 of the Complaint.

25.     The allegations contained in Paragraph No. 25 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 25 of the Complaint.

## VIII.  FIFTH CASE OF ACTION

### CIVIL BATTERY

26.     The allegations of the previous paragraphs are realleged and incorporated herein by reference.

27.     Defendant denies the allegations set forth in Paragraph No. 27 of Plaintiff's Complaint.

28.     The allegations contained in Paragraph No. 28 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 28 of the Complaint.

29.     The allegations contained in Paragraph No. 29 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 29 of the Complaint.

30.     The allegations contained in Paragraph No. 30 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 30 of the Complaint.

## IX.     SIXTH CAUSE OF ACTION

## INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS

31.     The allegations of the previous paragraphs are realleged and incorporated herein by reference.

32.     The allegations contained in Paragraph No. 32 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 32 of the Complaint.

33.     The allegations contained in Paragraph No. 33 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 33 of the Complaint.

34.     The allegations contained in Paragraph No. 34 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 34 of the Complaint.

35.     The allegations contained in Paragraph No. 35 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 35 of the Complaint.

## X.     SEVENTH CAUSE OF ACTION

## VIOLATION OF NC WAGE & HOUR ACT

36.     The allegations of the previous paragraphs are realleged and incorporated herein by reference.

37.     The allegations contained in Paragraph No. 37 of the Complaint constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant admits the allegations contained in Paragraph No. 37 of the Complaint.

38.     The allegations contained in Paragraph No. 38 of the Complaint constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 38 of the Complaint.

39.     The allegations contained in Paragraph No. 39 of the Complaint constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 39 of the Complaint.

40.     The allegations contained in Paragraph No. 40 of the Complaint constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 40 of the Complaint.

41.     The allegations contained in Paragraph No. 41 of the Complaint constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 41 of the Complaint.

## XI.     EIGHTH CAUSE OF ACTION

## CIVIL CONVERSION

42.     The allegations of the previous paragraphs are realleged and incorporated herein by reference.

43.     Defendant denies the allegations set forth in Paragraph No. 43 of Plaintiff's Complaint.

44.     The allegations contained in Paragraph No. 44 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 44 of the Complaint.

45.     The allegations contained in Paragraph No. 45 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 45 of the Complaint.

46.     The allegations contained in Paragraph No. 46 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 46 of the Complaint.

## XII.     NINTH CAUSE OF ACTION

## NEGLIGENCE

47.     The allegations of the previous paragraphs are realleged and incorporated herein by reference.

48.     Defendant denies the allegations set forth in Paragraph No. 48 of Plaintiff's Complaint.

49.     The allegations contained in Paragraph No. 49 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 49 of the Complaint.

50.     The allegations contained in Paragraph No. 50 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 50 of the Complaint.

51.     The allegations contained in Paragraph No. 51 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 51 of the Complaint.

## XIII.   TENTH CAUSE OF ACTION

## PUNITIVE DAMAGES

52.     The allegations of the previous paragraphs are realleged and incorporated herein by reference.

53.     The allegations contained in Paragraph No. 53 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 53 of the Complaint.

54.     The allegations contained in Paragraph No. 54 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 54 of the Complaint.

55.     The allegations contained in Paragraph No. 55 of the Complaint constitute a legal conclusion to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph No. 55 of the Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

## SECOND DEFENSE

The Complaint fails to state one or more claims for which relief may be granted under Fed. R. Civ. P. 12(b)(6).

## THIRD DEFENSE

Plaintiff has failed in whole or in part to mitigate any alleged damages.

## FOURTH DEFENSE

Defendant denies any and all allegations made in Plaintiffs' Complaint not specifically admitted or otherwise responded to by this Answer.

## FIFTH DEFENSE

Plaintiff has not suffered severe emotional distress causally related to her allegation of misconduct by Defendant. Additionally, Plaintiff has not suffered severe emotional distress attributable to any conduct alleged in her Complaint nor is any severe emotional distress attributable to any alleged conduct of Defendant.

## SIXTH DEFENSE

Plaintiff's assault claim fails because Defendant did not actually make harmful or offensive contact with Plaintiff's person.

## SEVENTH DEFENSE

Plaintiff's claim for battery fails because Defendant did not make harmful or offensive conduct with Plaintiff's person. To the extent Defendant made any contact with Plaintiff's person, the contact was not sufficiently offensive to constitute a battery.

## EIGHTH DEFENSE

Plaintiff's alleged employment claims fail because the Complaint lacks any factual allegations that plausibly suggest Defendant committed any tortious activity in North Carolina.

## NINTH DEFENSE

All alleged employment actions regarding Plaintiff were taken, made, and done in good faith, based on legitimate, non-discriminatory or non-retaliatory reasons, and were not based on any illegal criteria.

163151608.1

17

## TENTH DEFENSE

Plaintiff has been fully compensated for all work performed.

## ELEVENTH DEFENSE

Defendant has no knowledge of any uncompensated work performed by Plaintiff.

## TWELFTH DEFENSE

Defendant is either not liable for or Plaintiff's alleged damages are unrecoverable or limited by the conduct alleged in the Complaint because it would have made the same decisions in the absence of any alleged impermissible motivating factor including protected traits or activities.

## THIRTEENTH DEFENSE (AFTER-ACQUIRED EVIDENCE)

Should information be discovered that would have led to termination of Plaintiff, had that information been known to Defendant during Plaintiff's employment, she is barred from monetary and equitable relief including recovery of damages for alleged future lost earnings and reinstatement and Defendant has no liability for the claims brought in the Complaint.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to recover any damages for claims beyond the scope of the applicable statute of limitations.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable limitations periods including any claims not brought within 90 days of Plaintiff's receipt of a right to sue notice from the EEOC.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that she failed to exhaust all administrative conditions precedent and/or all statutory prerequisites required by applicable law

including, but not limited to, filing a timely charge of discrimination or bringing claims in the Complaint that are beyond the scope of the allegations made in his charge of discrimination filed with the EEOC.

## SEVENTEENTH DEFENSE

Plaintiff is barred from recovering anything from Sorrento's for events occurring more than 180 days before the filing of Plaintiff's EEOC charge of discrimination.

## EIGHTEENTH DEFENSE

Sorrento's was not timely or properly made aware, nor should it have been aware, of the allegedly harassing and/or extreme and outrageous conduct described in the Complaint and Sorrento's properly responded with appropriate remedial measures regarding Plaintiff's concerns about any alleged harassing and/or extreme and outrageous conduct.

## NINETEENTH DEFENSE
### (Lack of Employer Knowledge)

The Defendant did not know of the acts, conduct and/or omissions complained of in the Complaint, nor should it have known of such alleged conduct.

## FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges any form of actionable harassment, Plaintiff is entitled to no recovery from Sorrento's, and there is no basis for imputing liability to Sorrento's, because Plaintiff experienced no tangible employment action related to her allegations of harassment. Plaintiff failed to report conduct that was sufficiently severe and/or pervasive to create a sexually hostile work environment. Further, Sorrento's exercised reasonable care to prevent and promptly correct any alleged harassment by adopting a valid policy prohibiting workplace harassment, providing that policy to Plaintiff, and investigating and appropriately responding to Plaintiff's belated complaints by taking appropriate action to correct and prevent alleged harassment. In

addition, Plaintiff unreasonably failed to avail herself of the preventative and corrective measures provided by Sorrento's or to otherwise avoid harm, when she failed to adequately and timely report alleged harassment.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff was negligent and/or contributorily negligent regarding the alleged harassment or tortious conduct to the extent she complains of conduct and yet she failed to comply with her obligations by, among other things, failing to properly report any allegedly offensive conduct. Plaintiff was aware that the conduct alleged in her Complaint was improper, yet she failed to satisfactorily notify Sorrento's of alleged workplace harassment, and she failed to timely and/or fully report any alleged harassment. Plaintiff's complaints made about her workplace did not describe conduct of sufficient severity or pervasiveness to render it hostile on the basis of her gender. Further, Plaintiff's description of the allegedly harassing or tortious conduct would not have placed a reasonable person under the circumstances on notice that further harassing and/or tortious conduct of the kind described in the Complaint was reasonably foreseeable. Sorrento's had no actual or constructive knowledge of any actionable workplace conduct including harassment or a hostile work environment or infliction of emotional distress directed at Plaintiff, and she otherwise failed to take reasonable steps available to him to avoid harm. Further, Plaintiff participated in the type of conduct that she now claims was inappropriate, and therefore she contributed to, rather than suffered from, any allegedly hostile or tortious environment.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable limitations periods. Specifically, Plaintiff's claims are barred from any and all conduct occurring beyond the applicable limitations period including Plaintiff's failure to bring a civil action against Sorrento's within 90

days of her receipt of a right to sue notice from the EEOC. Additionally, Plaintiff's claims are barred for any and all conduct occurring more than 180 days before filing of her EEOC charge of discrimination.

## RESERVATION OF RIGHTS TO SUPPLEMENT DEFENSES

Defendant reserves its rights to assert any affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

## PRAYER FOR RELIEF

Defendant prays for the following relief:

1. Deny all requested relief contained in Plaintiff's Complaint.

2. Dismiss Plaintiff's Complaint with prejudice; and

3. Award Defendant attorneys' fees, costs, and expenses of litigation, including all attorneys' fees and costs allowable under N.C. Gen. Stat. § 95-22.22(d), and offer such relief as the court deems just and proper.

This the 16th day of September, 2025.

s/ Kevin V. Parsons
NC State Bar No. 19226
Taylor Farrier
NC State Bar No. 60562
Lewis Brisbois Bisgaard & Smith LLP
521 East Morehead Street, Suite 250
Charlotte, North Carolina 28277
Phone: 704-557-9929
Fax: 704-557-9932
Kevin.Parsons@lewisbrisbois.com
Taylor.Farrier@lewisbrisbois.com

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing "Defendants' Answer to Complaint" was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification to the following:

Ian M. McRary
McRary Law, PLLC
231 Government Avenue SW, #1094
Hickory, North Carolina 28603
ian@mcrarylaw.com

Jacob J. Modla
Cromer Babb & Porter
115 Elk Avenue
Rock Hill, SC 29730
jake@cromerbabb.com

Elizabeth Vennum
Hull & Chandler
1009 East Boulevard
Charlotte, NC 28203
lvennum@lawyercarolina.com

This the 16th day of September, 2025.

/s/ Kevin V. Parsons